UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PROTECT THE PUBLIC'S TRUST )
712 H Street, N.E. )
Suite 1682 )
Washington, D.C. 20002, )
 )
       Plaintiff, )
 )
v. )   Civil Case No. 1:22-cv-01176
 )
OFFICE OF MANAGEMENT AND BUDGET )
725 17th Street, N.W. )
Washington, D.C. 20503, )
 )
       Defendant. )
_____ )

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the Office of Management and Budget under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5).  Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant Office of Management and Budget ("OMB" or "the Agency") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Agency has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On June 1, 2021, PPT submitted a FOIA request (attached as Exhibit A) to the Agency seeking the following records:

   > From November 23, 2020 through the date this request is processed, all waivers, impartiality determinations, or any other guidance issued to political appointees of the Biden Administration exempting them from any part of their obligations as defined in relevant laws, regulations, rules, and/or the Biden Administration's Ethics Pledge. This request also includes any records and communications between and legal counsels, Designated Agency Ethics Officials, or other advisors with jurisdiction over ethics waivers and/or impartiality determinations, as well as any records and communications between such legal counsel, advisors, or Designated Agency Ethics Officials and any political appointees regarding waivers or impartiality determinations.

7. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and*

*Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will help the public understand which high-level officials have potential conflicts of interest, how the Administration is addressing those conflicts, and whether officials are following the rules.  On the campaign trail, the Biden campaign pledged to "[r]estore ethics in government" and "[r]ein in Executive Branch financial conflicts of interest."  *The Biden Plan to Guarantee Government Works for the People*, Democratic National Committee, https://joebiden.com/governmentreform/; *see also* Walter M. Schaub, Jr., *Biden Promised Massive Ethics Reforms.  Why Hasn't He Started Yet?* Wash. Post (Mar. 17, 2021), https://www.washingtonpost.com/outlook/2021/03/17/biden-ethics-reforms-lobbyists/ ("On the campaign trail, Biden promised a legislative overhaul of the federal government's ethics and anticorruption systems.").  Through the release of the requested documents, the public will gain a greater understanding of how the Administration is living up to its campaign promises.

9. On June 4, 2021, the Agency acknowledged receipt of the request, noted that it "has been logged in and is being processed," and assigned it OMB FOIA number 21-312.

10. Since that time, Plaintiff has reached out at least four times regarding the status of request 21-312, including on September 10, 2021, October 15, 2021, December 16, 2021, and February 11, 2022.

11. On September 16, 2021, the Agency indicated request 21-312 was "continuing to be processed."

12. On October 19, 2021, the Agency responded in part "OMB is experiencing a very significant backlog and we are doing our best to respond to each FOIA request as expeditiously as possible in the order they are received."

13. On December 20, 2021, the Agency indicated that "[t]he current status of your FOIA request is that your request is continuing to be processed."

14. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

15. As of today, Plaintiff's request has been pending for more than 320 days – nearly a year, and well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

16. At this time, the Agency has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).  While the Agency has indicated it is "process[ing]" PPT's request, it has not indicated that it has begun a search for responsive documents, nor has it produced responsive documents to the Plaintiff, communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, or informed Plaintiff of its ability to appeal any adverse portion of its determination.

17. Given these facts, it appears that absent litigation the Agency has not and does not intend to meet its statutory obligations to provide the requested records.

18. Through the Agency's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

19. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

20. PPT properly requested records within the possession, custody, and control of the Agency.

21. OMB is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

22. The Agency is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

23. The Agency is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

24. The Agency's failure to provide all non-exempt responsive records violates FOIA.

25. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Agency complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: April 28, 2022

Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, Virginia 22314
Telephone: 703-965-0330
Facsimile: 415-520-6593
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*